IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **BRENNAN CENTER FOR JUSTICE**<br>1140 Connecticut Avenue, N.W.<br>Suite 1150<br>Washington, DC 20036,<br><br>            Plaintiff,<br><br>      v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**<br>245 Murray Lane, S.W.<br>Washington, DC 20528,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

(1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.  Plaintiff seeks injunctive and declaratory relief to compel defendant Department of Homeland Security to disclose requested records.

## Jurisdiction and Venue

(2) This court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201(a) & 2202.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## The Parties

(3) Plaintiff Brennan Center for Justice at New York University School of Law was created in 1995 by the clerks and family of the late Supreme Court Justice William J. Brennan, Jr. as a living memorial to his belief that the Constitution is the genius of American law and

politics, and that the test of our institutions is how they treat the most vulnerable among us.  The Brennan Center is a nonpartisan law and policy institute that seeks to improve the nation's systems of democracy and justice.  The Brennan Center is helping to lead the fight for an American democracy that includes all members of our diverse society and is centered on the voices and active participation of ordinary people and communities, for a more transparent and accountable national security system, for fair and impartial courts, and for a justice system that is racially fair and focused on public safety rather than harsh punishment.  The Brennan Center maintains offices in New York City and in Washington, DC.

(4)  Defendant Department of Homeland Security ("DHS") is a department of the executive branch of the United States Government and includes U.S. Customs and Enforcement ("ICE") among its components.  DHS is an "agency" within the meaning of 5 U.S.C. § 552(f).

**Plaintiff's FOIA Request and Defendant's Response**

(5)  By letter dated June 23, 2015, the Brennan Center requested that ICE produce records relating to the closure of immigration court proceedings on national security grounds pursuant to 8 C.F.R. § 1003.27(d) and the issuance of protective orders on national security grounds pursuant to 8 C.F.R. § 1003.46(a).  This request sought, *inter alia*, records reflecting the number of times the government (*i.e.*, ICE) filed motions seeking to have proceedings closed or protective orders issued, as well as the number of times such orders were in fact issued, along with the motions for protective orders and orders themselves.

(6)  On July 10, 2015, ICE responded with a letter acknowledging receipt of plaintiff's request.  The letter stated, "Upon initial review of the request, I have determined that the information you are seeking is under the purview of the Executive Office for Immigration Review (EOIR), a DOJ component.  Therefore, I am referring your request to [EOIR] for

processing and direct response to you." Plaintiff contacted ICE FOIA staff several times after receiving this response to explain that plaintiff already had submitted a FOIA request to EOIR and was now seeking records from ICE. Plaintiff's request to ICE was based on the recommendation of EOIR's FOIA staff, who had informed plaintiff that EOIR was not able to locate many responsive records and that plaintiff might be able to receive more records from ICE. Nonetheless, plaintiff was informed by e-mail that ICE had closed the file on plaintiff's request because the agency staff member handling the request felt that "the entirety of the material is with a different office," and plaintiff was informed of its right to appeal.

(7) On August 4, 2015, the Brennan Center filed an administrative appeal requesting that ICE perform a search for responsive records. The appeal letter noted that ICE's decision not to conduct a search was improper because (1) plaintiff informed ICE of EOIR's conclusion that it did *not* possess very many responsive records; (2) the Brennan Center's request sought, *inter alia*, the protective orders issued by immigration courts, and "[i]t is unlikely that ICE attorneys would not maintain the court orders issued to them in their cases"; and (3) the request sought, *inter alia*, the government's motions seeking protective orders, and "ICE is the most likely repository of those records."

(8) After acknowledging receipt of plaintiff's appeal on August 19, 2015, ICE processed the appeal and, by letter dated September 16, 2015, informed plaintiff of its determination that "a new search or, modifications to the existing search, could be made." The letter stated that ICE was "therefore remanding your appeal to ICE FOIA for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents."

(9) On November 10, 2015, plaintiff received a response (marked "final response") to the Brennan Center's request. The cover letter stated that a search of the ICE Enforcement and

3

Removal Operations ("ERO") and ICE Office of the Principal Legal Advisor ("OLPA") had produced 106 pages of records deemed responsive, of which 11 would be produced in full while 95 would be withheld in their entirety. (In fact, of the 106 pages produced to the Brennan Center, 93 were fully redacted and marked "withheld," while the remaining thirteen pages included two copies of the same three-page document along with seven pages of other material.) The ICE letter did not identify or describe the nature of the records that were withheld. It stated that they were withheld pursuant to FOIA Exemption 5 (specifically, the letter cited the deliberative process, attorney-client, and attorney work product privileges), Exemption 6, Exemption 7(C), Exemption 7(E), and Exemption 7(F). Finally, the letter notified plaintiff of its right to appeal ICE's determination within 60 days of the date of the letter.

(10)  On November 16, 2015, plaintiff submitted a second appeal arguing that ICE did not conduct an adequate search for responsive records. As the appeal noted, the Brennan Center had included in its FOIA request any motions for protective orders filed under 8 C.F.R. § 1003.46(b) or its predecessor regulation(s) from 1990 to the present, as well as any orders granting those motions. The 13 pages produced by ICE contained no such motions or orders. As for the withheld 93 pages, ICE did not indicate what these records were. However, plaintiff's appeal explained that 93 pages could at most contain only a tiny fraction of the motions filed and orders issued during the time period at issue – despite the fact that ICE is required to keep copies of court filings and they should be easy to locate.

(11)  Once again, ICE promptly processed plaintiff's appeal and transmitted its decision to plaintiff by e-mail and letter dated December 24, 2015. The agency decision stated that "ICE has determined that there may be additional non-exempt information that can be released to you," and that, "[i]n addition, ICE has determined that a new search or, modifications to the

4

existing search, could be made." For the second time, plaintiff's appeal was remanded to ICE FOIA.

(12)  On January 20, 2016, plaintiff received a response from ICE by email. The letter from ICE noted that it was the "final response" to the Brennan Center request and that a search for responsive documents had produced 27 pages. This response contained a single document: a list titled "CRU Special Interest Cases," dated November 26, 2003. The letter noted that portions of these pages were redacted to "protect from disclosure names and identification numbers of law enforcement personnel" under FOIA Exemptions (b)(6) and (b)(7)(C). No motions or orders were produced. The letter notified plaintiff of its right to appeal ICE's determination within 60 days of the date of the letter.

(13)  On January 21, 2016, plaintiff submitted a third appeal arguing that ICE did not conduct an adequate search for responsive records. Plaintiff's appeal letter stated, *inter alia*, "The Brennan Center hereby reiterates and incorporates by reference the arguments made in its administrative appeal dated November 16, 2015."

(14)  By letter dated March 17, 2016, ICE responded to plaintiff's appeal letter dated January 21, 2016. The letter from ICE stated, *inter alia*, that "ICE has determined that new search(s) or, modifications to the existing search(s) could be made. We are therefore remanding your appeal to ICE FOIA for re-processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents."

(15)  By letter dated May 2, 2016, ICE informed plaintiff that no responsive records were located in response to plaintiff's FOIA request "dated January 21, 2016." The agency notified plaintiff of its right to appeal ICE's determination within 60 days of the date of the letter.

(16)  On June 30, 2016, plaintiff submitted a fourth appeal arguing that ICE did not conduct an adequate search for responsive records.  Once again, plaintiff "reiterate[d] and incorporate[d] by reference the history of the appeal and arguments made in the administrative appeals dated November 16, 2015 and January 21, 2016."

(17)  By letter dated July 21, 2016, ICE informed plaintiff that plaintiff's appeal dated June 30, 2016, was received by the agency on July 7, 2016.  ICE further advised plaintiff that it was assigning plaintiff's appeal the tracking number 2016-ICAP-00582.

(18)  To date, plaintiff has not received a determination or any response from defendant concerning the administraive appeal dated June 30, 2016, nor has the agency adequately responded to the FOIA request plaintiff submitted on June 23, 2015.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

(19)  Plaintiff repeats and realleges paragraphs 1-18.

(20)  Plaintiff has exhausted the applicable and available administrative remedies with respect to defendant's processing of plaintiff's FOIA request and administrative appeal.

(21)  Defendant has wrongfully withheld the requested records from plaintiff by failing to comply with the statutory time limit for rendering a determination or response to plaintiff's FOIA request and administrative appeal.

(22)  Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### Requested Relief

WHEREFORE, plaintiff prays that this Court:

A.  Order defendant Department of Homeland Security to disclose all non-exempt

records responsive to plaintiff's FOIA request immediately;

B.  Issue a declaration that plaintiff is entitled to disclosure of the requested records;

C.  Provide for expeditious proceedings in this action;

D.  Award plaintiff its costs and reasonable attorneys fees incurred in this action;

and

E.  Grant such other relief as the Court may deem just and proper.


Respectfully submitted,

/s/ David L. Sobel

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W.
Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff*