# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| BRENNAN CENTER FOR JUSTICE, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 16-1609 (ABJ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Brennan Center for Justice has filed a motion for an award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E)(i). Pl.'s Mot. for an Award of Atty's Fees & Costs [Dkt. # 25] ("Pl.'s Mot."). Plaintiff seeks an award of $14,365.00 in attorney's fees for both the litigation of the merits and the fee application and $400.00 in costs, for a total of $14,765.00.[1] Pl.'s Reply in Supp. of Pl.'s Mot. [Dkt. # 28] ("Pl.'s Reply") at 4. Defendant Department of Homeland Security argues that the plaintiff's time records are not sufficiently detailed, and the amount plaintiff seeks is unreasonable because: (1) plaintiff sought fees unrelated to this lawsuit; (2) it applied an

---

1  In its reply, plaintiff states that the award it is seeking is $14,606 in attorney's fees and $400 in costs, for a total of $15,006. Pl.'s Reply at 4. However, this amount fails to discount the total by the $241 plaintiff agreed to remove in its reply. Pl.'s Reply at 2, n.1. In its fee motion, plaintiff stated that it was seeking $11,120 in attorney's fees, $2,950 in fees for preparation of the fee motion, and $400 in costs, for a total of $14,470. Pl.'s Mot. at 14. Then, in its reply, plaintiff stated that it would reduce the fee amount by $848 and remove one time-entry which amounted to $241. Pl.'s Reply at 2, n.1. Thus, the new amount of attorney's fees should be $10,031, and preparation of the fee motion and reply is $4,334 ($2,950 for the fee motion and $1,384 for the reply). Costs are $400, and therefore, the new total is $14,765. Pl.'s Mot. at 14; Pl.'s Reply at 4.

incorrect rate for tasks related to filing and serving the complaint; (3) it improperly seeks fees for reviewing the documents provided in response to its FOIA request; and (4) the "fees on fees" are excessive  Def.'s Resp. to Pl.'s Mot. [Dkt. # 27] ("Def.'s Resp.") at 3–5.

Because plaintiff's review of documents served more than one purpose, and the fees on fees requested is disproportionately high compared to the total hours expended, the Court will reduce the request somewhat and award plaintiff a total of $10,765.

## BACKGROUND

Plaintiff Brennan Center for Justice at New York University School of Law "is a nonpartisan law and policy institute that seeks to improve the nation's systems of democracy and justice."  Compl. [Dkt. #1] ¶ 3.  Defendant, Department of Homeland Security ("DHS"), is a department of the executive branch of the United States government and encompasses U.S. Immigration and Customs Enforcement ("ICE").  *Id*. ¶ 4.

On June 23, 2015, plaintiff sent a FOIA request to ICE, requesting "records relating to the closure of immigration court proceedings on national security grounds pursuant to 8 C.F.R. § 1003.27(d) and the issuance of protective orders on national security grounds pursuant to 8 C.F.R. § 1003.46(a)."  Compl. ¶ 5; Def.'s Resp. at 2.  The request sought records relating to the number of times the government filed motions seeking to have proceedings closed or protective orders issued.  Pl.'s Mot. at 2.

On July 10, 2015, ICE responded with a letter, stating that the information plaintiff sought was under the purview of the Executive Office for Immigration Review ("EOIR")—a part of the Department of Justice.  Compl. ¶ 6.  Plaintiff contacted ICE several times to explain that it had already submitted a FOIA request to EOIR and deliberately sought records from ICE, but ICE informed plaintiff that it had closed the file on plaintiff's request.  *Id.*; Pl.'s Mot. at 2–3.  On August

4, 2015, plaintiff filed an administrative appeal asking that ICE conduct a search for documents responsive to its request. Compl. ¶ 7. ICE processed the appeal, and on September 16, 2015, it informed plaintiff that "a new search or, modifications to the existing search, could be made," and the matter was remanded to ICE FOIA for processing. *Id*. ¶ 8.

On November 10, 2015, defendant informed plaintiff that it had found 106 pages of responsive records. Compl. ¶ 9. Ninety-three of those pages were withheld, pursuant to FOIA Exemptions 5, 6, 7(C), 7(E), and 7(F), while the other thirteen pages were produced in full. *Id*. On November 16, 2015, plaintiff appealed, arguing that ICE did not conduct an adequate search,[2] *id*. ¶ 10, and on December 24, 2015 the matter was again remanded to ICE FOIA to reprocess the request. *Id*. ¶ 11.

On January 20, 2016 plaintiff received a "final response" from ICE stating that it was producing twenty-seven additional pages with redactions pursuant to FOIA Exemptions (b)(6) and (b)(7)(C). Compl. ¶ 12. Because no motions or orders were produced, plaintiff appealed for a third time on January 21, 2016, and the matter was once again remanded to the agency FOIA office to reprocess the request. *Id*. ¶¶ 13–14. On June 30, 2016, ICE informed plaintiff that no responsive records were located. *Id*. ¶ 15. Plaintiff appealed for a fourth time on June 30, 2016. *Id*. ¶¶ 16–17.

Before the fourth appeal was decided, plaintiff filed a complaint against DHS in this Court on August 8, 2016, alleging wrongful withholding of agency records under FOIA. Compl. ¶¶ 19–22. Defendant answered on October 27, 2016. *See generally* Ans. [Dkt. # 5]. On November 28, 2016, the parties filed a joint status report informing the Court that after the parties had met and

---

2   Specifically, plaintiff requested any motions for protective orders filed under 8 C.F.R. § 1003.46(b) as well as any orders granting those motions, but the pages produced did not contain those motions and ICE did not indicate what the withheld documents consisted of. Compl. ¶ 10.

conferred, ICE had identified responsive records and proposed a schedule for production. *See* Status Report (Nov. 28, 2016) [Dkt. # 7]. In light of this, the Court entered a minute order adopting the parties' proposed schedule. Min. Order (Nov. 29, 2016).

On June 26, 2017, the parties filed a status report indicating that plaintiff intended to challenge the adequacy of ICE's search and production and proposing a schedule for briefing summary judgment. *See* Status Report (June 26, 2017) [Dkt. # 11]. The Court adopted that schedule, *see* Min. Order (June 27, 2017), and the parties submitted summary judgment briefs in the fall of 2017. *See generally* Def.'s Mot. for Summ. J. [Dkt. # 13]; Pl.'s Cross-Mot. for Summ. J. [Dkt. # 16]. But on March 23, 2018, plaintiff informed the Court that it had decided to forego its challenge to defendant's production. Pl.'s Status Report (Mar. 23, 2018) [Dkt. # 21] ("3/23/18 SR"). The Court denied defendant's motion for summary judgment and plaintiff's cross-motion for summary judgment as moot, *see* Min. Order (Apr. 17, 2018), and defendant filed a stipulation of dismissal on April 24, 2018. *See* Stipulation of Dismissal [Dkt. # 23] ("Dismissal Stip."). The only remaining dispute between the parties is the amount of fees to be awarded.

**ANALYSIS**

Courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" in any FOIA case where "the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). In order to recover fees and costs, a FOIA plaintiff must show first that it is eligible, and second, that it is entitled to such an award. *Brayton v. Office of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011), citing *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 368–69 (D.C. Cir. 2006). Under the eligibility prong, a court "asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees." *Id.* To substantially prevail, the complainant must show that it has "obtained relief" through either a judicial order or

"a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). If the requester is eligible for a fee award, the Court "proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff *should* receive fees."[3] *Brayton*, 641 F.3d at 524, citing *Judicial Watch*, 470 F.3d at 369 (emphasis in original).

Here, defendant does not contest plaintiff's eligibility or entitlement to attorney's fees. Def.'s Resp. at 1. Defendant argues that the award plaintiff seeks is unreasonably high. *Id.* Thus, the Court will turn to the reasonableness of plaintiff's request.

Section 552 of FOIA provides for "reasonable attorney fees and other litigation costs." 5 U.S.C. § 552(a)(4)(E)(i). Plaintiff calculated its fee application using the *Laffey* rates.[4] Pl.'s Mot. at 12. It asks this Court to award fees for the $400 it advanced for litigation costs, and $14,365.00 in attorneys' fees, for a total of $14,765.00. Pl.'s Reply at 4 (accounting for the $241 deduction, *see* footnote 1, *supra*); *see* Decl. of David L. Sobel, Ex. 1 to Pl.'s Mot. [Dkt. # 25-1] ("Sobel Decl.") ¶¶ 4–6. Of that amount, $4,334 is for "preparation of plaintiff's motion for an award of

---

[3] A court must consider a number of factors in determining entitlement: "(1) the public benefit derived from the case, (2) the commercial benefit to the requester, (3) the nature of the requester's interest in the information, and (4) the reasonableness of the agency's conduct." *Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013).

[4] Attorney's fees and costs are usually calculated by multiplying "the number of hours reasonably expended . . . by a reasonable hourly rate." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1323 (D.C. Cir. 1982). But in the case of public-interest lawyers, who do not have customary billing rates, courts in this Circuit frequently use the "*Laffey* Matrix" first set forth in *Laffey v. Nw. Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *rev'd on other grounds*, 746 F.2d 4 (D.C. Cir. 1984). The *Laffey* matrix is a schedule of fees based on years of attorney experience. *Salazar ex rel. Salazar v. District of Columbia*, 809 F.3d 58, 62 (D.C. Cir. 2015).

attorney's fees and costs" and preparation of the reply to defendant's opposition to the fee motion.[5] Sobel Decl. ¶ 5; Pl.'s Reply at 4 n.4.

Defendant argues that plaintiff's fee request is improperly documented and unreasonably excessive for four reasons: (1) the petition seeks $361 of fees unrelated to this lawsuit; (2) plaintiff applied the wrong rate for the filing of the complaint; (3) time spent reviewing documents produced in response to the FOIA request is not a recoverable litigation cost; and (4) the proposed fees on fees amount is excessive. Def.'s Resp. at 4–5. In response to defendant's second argument, plaintiff agreed to reduce its request by $848, but the rest of the issues remain to be resolved Pl.'s Reply at 2.

### I. Plaintiff's fee request is not improperly documented.

Defendant argues that plaintiff's time records lack sufficient detail, and that it is "impossible to assess what tasks were performed and whether the time spent on them was reasonable." Def.'s Resp. at 5.

The D.C. Circuit has held that a fee application must "contain sufficiently detailed information about the hours logged and the work done." *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Id.* But while a plaintiff must provide more than "very broad summaries of work done and hours logged," it need not provide "the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." *Id.*

---

[5] Plaintiff requests $2,950 for preparation of its application for attorney's fees and $1,384 for preparation of its reply, for a total of $4,334.

The Court finds that the plaintiff's time records are adequately detailed. The time records show that plaintiff's counsel spent time emailing with his client, preparing the complaint, reviewing the answer, communicating with defendant's counsel, drafting joint status reports, and reviewing court orders. *See* Sobel Decl. at 3. The time entries are sufficiently detailed to permit the government to "make an informed determination as to the merits of the application," and to enable the Court to "make an accurate and equitable award." *Nat'l Ass'n of Concerned Veterans*, 675 F. 2d at 1327.

## II. Plaintiff does not seek fees unrelated to this lawsuit.

Defendant argues that plaintiff seeks approximately $361 for 0.6 hours of work "that appear to have no connection whatsoever to this case." Def.'s Resp. at 5. Defendant asserts that two time-entries dated September 18, 2017 and October 10, 2017 for review of new documents cannot be related to this case since defendant completed the processing and release of all non-exempt responsive records on June 12, 2017. *Id.*; *see* Joint Status Report (June 26, 2017) [Dkt. # 11] ¶ 2. Plaintiff concedes that it mistakenly included the September 18, 2017 entry for 0.4 hours and agreed to remove the corresponding $241 from its request. Pl.'s Reply at 2, n.1. However, plaintiff maintains that the October 10, 2017 time entry is accurate, and it points out that defendant provided an additional sixteen pages of redacted documents to plaintiff on October 2, 2017. *Id.* at 2; *see* ICE Letter, Oct. 2, 2017, Ex. 1 to Pl.'s Reply [Dkt. # 28-1] at 3.

The Court finds that the October 10, 2017 time entry is related to this case and is properly included in plaintiff's request for attorney's fees. And, it finds, contrary to defendant's assertion, that the other isolated mistake does not call into question the overall accuracy of plaintiff's time records. Def.'s Resp. at 6; *see Coffey v. Bureau of Land Mgmt.*, 316 F. Supp. 3d 168, 171 (D.D.C.

7

2018) ("The Court does not infer from these isolated mistakes that counsel's timekeeping was generally not contemporaneous.").

### III. Plaintiff may charge fees for reviewing documents, but because its document review served a dual purpose, the Court will reduce the amount requested by $2000.

Typically, time spent reviewing the records produced in response to a FOIA request is not included when awarding fees. *See, e.g.*, *Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 825 F. Supp. 2d 226, 231 (D.D.C. 2011) ("Plaintiff is not entitled to recover for time spent reviewing the documents it instituted this lawsuit to obtain."). However, a number of courts in this district have awarded fees for time spent reviewing records when the document review was necessary to evaluate the sufficiency of the production or to challenge withholdings. *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec'y*, 999 F. Supp. 2d 61, 75 (D.D.C. 2013) (recognizing that FOIA does not authorize fees for work done at the administrative stage, such as reviewing documents, but awarding fees for reviewing released documents where it was critical to the prosecution of the FOIA lawsuit to evaluate sufficiency and proper withholding); *Elec. Privacy Info. Ctr. v. Fed. Bureau of Investigation*, 80 F. Supp. 3d 149, 158–59 (D.D.C. 2015) (awarding fees for reviewing released documents where the sole purpose of the review was to determine the sufficiency of the document release and the propriety of their withholding); *Hardy v. Bureau of Alcohol, Tobacco, Firearms and Explosives*, 293 F. Supp. 3d 17, 30–31 (D.D.C. 2017) (awarding fees for review of documents necessary "to determine how to proceed in this litigation").

Here, plaintiff argues that it initially intended to challenge the production, *see* Joint Status Reports [Dkts. ## 10, 11] (Apr. 26, 2017; June 26, 2017), and that the document review was necessary to evaluate whether the challenge was warranted. Pl.'s Reply at 3. On November 2, 2017, plaintiff filed a cross-motion for summary judgment regarding the sufficiency of defendant's

production of documents, but on March 23, 2018, after summary judgment had been briefed by both parties, plaintiff reversed its decision to challenge defendant's production. *See* 3/23/18 SR. On April 24, 2018, defendant filed a stipulation of dismissal, and the case was dismissed the next day. *See* Dismissal Stip.

Plaintiff asks for fees totaling approximately $5,135 for almost nine hours spent reviewing documents between December 29, 2016 and October 10, 2017. *See* Sobel Decl. at 3. But, even if this exercise was an important step in assessing litigation strategy, plaintiff would have reviewed the records it received in any event. Since the document review served a dual purpose, the Court will reduce the amount requested for time spent reviewing documents by $2000. This brings the total amount of fees to be awarded for legal work on the merits of the litigation to $8,031.

**IV. Plaintiff's request for $4,334 of fees on fees is unreasonably high, and therefore the Court will reduce the amount requested by $2000.**

"While it is settled in this circuit that hours reasonably devoted to a request for fees are compensable, fees on fees must be reasonable, and not excessive." *Elec. Privacy Info. Ctr.*, 80 F. Supp. 3d at 162 (D.D.C. 2015), citing *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.*, 771 F.3d 521, 528 (D.C. Cir. 1985). This means the Court must "scrutinize" fees on fees petitions "to insure that the total . . . does not represent a windfall for the attorneys." *Id.*, citing *Boehner v. McDermott*, 541 F. Supp. 2d 310, 325 (D.D.C. 2008).

Here, plaintiff requests a total of $4,334 for fees on fees – $2,095 to prepare the motion and $1,384 to prepare the reply. *See* Pl.'s Reply at 4. This would be more than half of the total to be awarded for the litigation, which the Court finds to be a disproportionately large amount. Also, the fees on fees request appears to be excessive in light of the "short-term merits litigation and the equally straightforward fees litigation in this case." *Elec. Privacy Info Ctr.*, 80 F. Supp. 3d at 163.

Thus, the Court will decrease the amount of the fees on fees requested by $2000 as well. This brings the total amount of fees on fees requested to $2,334.

## CONCLUSION

Because this Court finds that the amount requested for reviewing documents and for fees-on-fees is excessive, it will reduce plaintiff's request by $4000 and award a total of $10,765 in attorney's fees and costs to plaintiff.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: January 22, 2019